1  Jerusalem F. Beligan (SBN 211258)
   jbeligan@bbclawyers.net
2  Leah M. Beligan (SBN 250834)
   lmbeligan@bbclawyers.net
3  **BELIGAN LAW GROUP, LLP**
   19800 MacArthur Blvd., Suite 300
4  Newport Beach, CA 92612
   Telephone: (949) 224-3881
5

6  James L. Simon (*pro hac vice*         Michael L. Fradin (*pro hac vice*
   *forthcoming*)                          *forthcoming*)
7  james@simonsayspay.com                  mike@fradinlaw.com
   **SIMON LAW CO.**                       **FRADIN LAW**
8  5000 Rockside Road                      8401 Crawford Ave., Ste. 104
   Liberty Plaza – Suite 520               Skokie, IL 60076
9  Independence, OH 44131                  Telephone: (847) 986-5889
   Telephone: (216) 816-8696

10  Attorneys for Plaintiffs and the Putative Classes

11  ## UNITED STATES DISTRICT COURT

12  ## CENTRAL DISTRICT OF CALIFORNIA

13  Dallas Engler and Lucky Agustin,              Case No.
14  individually, and on behalf of all others
    similarly situated,                          **CLASS ACTION**
15
16                       Plaintiffs,             **CLASS ACTION AND
                                                 COLLECTIVE COMPLAINT**
17        vs.
                                                 **JURY TRIAL DEMANDED**
18  Amazon.com Services LLC; and DOES
19  1 through 10, inclusive,
20
                         Defendant(s).
21

22        Plaintiffs Dallas Engler and Lucky Agustin ("Plaintiffs"), individually and on

23  behalf of all others similarly situated, file this Class and Collective Action Complaint

24  ("Complaint") against Defendant Amazon.com Services LLC ("Amazon") and DOES

25  1 through 10 (collectively "Defendants").

26                                      **I.**

27                        **JURISDICTION AND VENUE**

28        1.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29

U.S.C. § 201, *et seq.*, because this civil action arises under the laws of the United States.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs, the Rule 23 California Class Members, and FLSA Collective Members (collectively, the "Class Members") occurred within this district.

3. From approximately October 2017 through approximately June 2021, Plaintiff Engler was a resident of Orange County, California and performed work for Defendants within the State of California.

4. Within the last four years, Plaintiff Agustin was a resident of Orange County, California and performed work for Defendants within the State of California.

5. Amazon.com Services LLC's principal place of business is located at 410 Terry Avenue North, Seattle, Washington, 98109 and has engaged in the wrongful conduct alleged herein—and thus is subject to personal jurisdiction—in this judicial district.

6. Plaintiffs and the Class Members in their work for Amazon were employed by an enterprise engaged in commerce that has annual gross sales of at least $500,000.

7. Defendants employ and have employed Class Members in delivery stations throughout the State of California, including the City of Buena Park.

## II.

## INTRODUCTION

8. This Complaint is brought as a class action under Fed. R. Civ. P. 23 ("Rule 23") and a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). The claims in the Complaint are brought under the following state and federal statutes: (1) California Labor Code §§ 201-203, 204, 226.7, 510, 512, 1194, 1194.2, 1197, 2802, and applicable Industrial Welfare Commission Order ("Wage Order"); (2) California Business & Profession § 17200, *et seq.* (the

- 2 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

"UCL"); and (3) the FLSA, 29 U.S.C. § 201, *et seq.*

9.     Plaintiffs file this class action under Rule 23 against Defendants for: (a) failure to pay an hourly wage for each and every hour worked; (b) failure to pay premium wages for all overtime hours worked; (c) failure to provide legally mandated meal breaks; (d) failure to authorize and permit legally mandated rest breaks; (e) failure to adequately indemnify employees for employment-related expenses; (f) failure to pay all wages due upon separation of employment; and (g) violation of the UCL.

10.     In addition to a Rule 23 California Class, Plaintiffs bring a collective action under the FLSA premised on Defendants' failure to pay Plaintiffs and other FLSA Collective Members all earned minimum and overtime wages.

11.     The unlawful acts complained of herein occurred and are continuing to occur within the time period from the three years preceding the filing of this Complaint up to and through the date of judgment (the "FLSA Collective Period") and four years preceding the filing of this Complaint up to and through the date of judgment (the "Rule 23 California Class Period," the FLSA Collective Period and Rule 23 California Class Period are collectively referred to herein as the "Class Periods").

12.     Through this action, Plaintiffs seek on behalf of themselves and all others similarly situated, damages, restitution, penalties, and attorneys' fees and costs to redress Defendants' unlawful policies and practices.

## III.

## THE PARTIES

13.     Plaintiff Engler was an employee of Defendants and worked as a nonexempt, hourly wage, Assistant Station Manager ("ASM"), at a delivery station located at 5650 Dolly Avenue, Buena Park, CA 90621. Plaintiff Engler worked for Defendants as an ASM during the Class Periods. Plaintiff Engler will serve as an adequate, typical and active participant and class representative for the FLSA Collective and Rule 23 California Class.

**CLASS ACTION AND COLLECTIVE COMPLAINT**

14.    Plaintiff Agustin was an employee of Defendants and worked as a nonexempt, hourly, associate, at the delivery station in the City of Buena Park during the Class Periods. Plaintiff Agustin will serve as an adequate, typical and active participant and class representative for the FLSA Collective and Rule 23 California Class.

15.    Plaintiffs have given their written consent to be named parties in this action under 29 U.S.C. § 216(b), true and accurate copies of which are attached to this Complaint as "**Exhibit A**" and "**Exhibit B**."

16.    The Class Members were or are employed by Defendants as nonexempt ASMs and associates at delivery stations during the Class Periods in the State of California and throughout the United States.

17.    Amazon is qualified to conduct business in the State of California and its principal place of business is located at 410 Terry Avenue North, Seattle, Washington, 98109.

18.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.

19.    Plaintiffs are informed and believe, and based thereon allege, that each defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts alleged herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

20.    Plaintiffs are informed and believe, and based thereon allege, that each defendant, including the DOE defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto. In doing the things alleged herein, each defendant was acting within the course and scope of this agency and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of each

– 4 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

defendant alleged in the causes of action (into which this paragraph is incorporated by reference) were ratified and approved by the officers or managing agents of each of the other Defendants.

21.    Plaintiffs are informed and believe that, at all times herein mentioned, Defendants, including the fictitious DOE defendants, were the representatives, agents and/or employees of each of the remaining Defendants and in doing the things mentioned herein were acting with the consent, permission and authorization of each of the other Defendants. All actions of each alleged in the causes of action (into which this paragraph is incorporated by reference) were ratified and approved by the officers or managing agents of each of the other Defendants.

## IV.

## FACTUAL ALLEGATIONS

22.    Amazon maintains an online e-commerce storefront and is engaged in the retail sales and distribution of consumer goods of merchant partners throughout the United States.

23.    During the Class Periods, Defendants employed ASMs in California and throughout the United States at Defendants' delivery stations. The ASMs are nonexempt employees, paid on an hourly basis, and scheduled to work at least 40 hours a week. The ASMs duties are to assign and manage driver routes, manage returns, address packaging errors, manage the customer service team, generate daily reports, and check in drivers at the delivery stations. Amazon employed ASMs who worked morning and night shifts.

24.    As part of their duties, ASMs are required to manage the head count for shifts and to ensure the shifts are adequately staffed based on the package count (i.e., the number of packages arriving at the delivery stations). In order to ensure the shifts are adequately staffed, Amazon issues laptops to ASMs which contain an internal management software called Panda. Through this software, ASMs are able to monitor the package count and therefore determine the numbers of associates required for the

**CLASS ACTION AND COLLECTIVE COMPLAINT**

shifts. Through Panda, ASMs can also monitor Amazon's A to Z mobile application ("A to Z App") to determine the number of associates who are scheduled to work and the number of associates who have called out. To ensure the shifts are adequately staffed, ASMs spend between 30 to 60 minutes before their scheduled shifts pre-planning through the Panda software. ASMs would log in to Panda before their scheduled shifts to determine the package count and the number of employees scheduled to work through the A to Z App, and if not enough associates are scheduled or associates called out, ASMs would have to open shifts through the A to Z App to allow other associates to pick up a shift or ASMs would have to start calling associates to determine whether they could pick up a shift. The shortage of associates in relation to the package count could delay the timely delivery of packages or result in associates working through their meal and rest periods in order to ensure packages are delivered on time. As a result, ASMs were required to work before their scheduled shifts for approximately 30 to 60 minutes pre-planning through Panda. Amazon did not count this time as hours worked, and as a consequence, ASMs were not being an hourly wage for each and every hour worked or not being paid a premium wage for all overtime hours worked.

25. During the Class Periods, Amazon also employed associates at these delivery stations. These associates were not given pre-determined schedules, but were required by Amazon to use the A to Z App to pick up shifts. These associates were required to use their own personal cellphones or electronic devices in order to access the A to Z App to pick up shifts, check their schedules, change their schedules, or call out. These associates were required to continually monitor the A to Z App before, during, and after their shifts in order to pick up shifts, change their schedules, or call out. It is necessary for these associates to continually monitor and update the A to Z App to ensure ASMs can adequately staff the delivery stations. These associates spent time on the A to Z App while clocked out of Amazon's timekeeping system and were therefore not being compensated – whether at a regular hourly wage or a premium

- 6 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

1   wage – for all regular and overtime hours worked.

2   26.   During the Class Periods, these associates were also required to work

3   through transitionary periods between the night shift and morning shift, and vice

4   versa. These transitionary periods lasted between an hour to three hours, and during

5   these transitionary periods, an associate would work alone without coverage. As a

6   result, an associate, who worked alone during these transitionary periods, had no one

7   to relieve them to take uninterrupted meal periods or rest periods.

**V.**

**RULE 23 CALIFORNIA CLASS DEFINITIONS AND ALLEGATIONS**

27.   Plaintiffs bring this class action on behalf of themselves and all

California Class Members pursuant to Rule 23. Plaintiffs define the classes they seek

to certify under Rule 23 as follows:

> **The ASM Class:** All California Class Members who are or were
> employed by Defendants in California during the California
> Class Period as an ASM in one or more of Amazon's delivery
> stations.

> **The Associates Class:** All California Class Members who are or
> were employed by Defendants in California during the California
> Class Period as an associate in one or more of Amazon's delivery
> stations.

28.   Plaintiffs reserve the right to amend or modify these classes or further

divide the classes into subclasses when they file their motion for class certification.

29.   This action has been brought and may properly be maintained as a class

action under Rule 23(a), (b)(2), and (b)(3).

30.   **Numerosity:** Plaintiffs are informed and believe and based on such

information and belief allege that the size of the Rule 23 California Class as defined

are so numerous that joinder of all the members is impracticable. The exact number

of the members of the classes is presently unknown to Plaintiffs, but upon information

**CLASS ACTION AND COLLECTIVE COMPLAINT**

and belief, Plaintiffs allege that the exact number and specific identities of the members of the classes may be readily ascertained through Defendants' business records, but it is estimated that there is at least 1,000 Rule 23 California Class Members.

31. **Commonality and Predominance:** There are questions of law and fact common to the Plaintiffs and to the classes that predominate over any questions affecting only individual members. These common questions of law and fact include:

a) Whether Amazon failed to pay ASMs an hourly wage for each and every hour worked in violation of Cal. Lab. Code §§ 204, 1194 and 1197;

b) Whether Amazon failed to pay ASMs premium wages for all overtime hours worked in violation of Cal. Lab. Code §§ 210, 510 and 1194;

c) Whether Amazon failed to provide ASMs a second 30-minute meal period after working more than 10 hours in a shift in violation of Cal. Lab. Code §§ 226.7, 512 and IWC Order No. 9, section 11;

d) Whether Amazon failed to provide ASMs a third 10-minte rest period when they worked more than 10 hours in a shift in violation of Cal. Lab. Code §§ 226.7 and IWC Order No. 9, section 12;

e) Whether Amazon failed to pay associates for each and every hour they logged into the A to Z App to pick up shifts, monitor their schedules, change their schedules, or call out in violation of Cal. Lab. Code §§ 204, 1194 and 1197;

f) Whether Amazon failed to pay associates a premium wage for each and every hour they logged into the A to Z App to pick up shifts, monitor their schedules, change their schedules, or call out in violation of Cal. Lab. Code §§ 210, 510 and 1194;

g) Whether Amazon failed to provide associates with duty-free, uninterrupted meal or rest breaks during the transition periods

- 8 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

between the night shift and morning shift, and vice versa, when they had no coverage in violation of Cal. Lab. Code §§ 226.7, 512 and IWC Order No. 9, sections 11 and 12;

h) Whether Amazon failed to adequately indemnify ASMs and associates for employment-related expenses related to their use of Panda and the A to Z App. in violation of Cal. Lab. Code § 2802;

i) Whether Amazon failed to provide ASMs and associates accurate wage statements in violation of Cal. Lab. Code § 226;

j) Whether Amazon failed to pay all wages due to ASMs and associates upon separation of employment in violation of Cal. Lab. Code §§ 201-203; and

k) Whether Amazon's past and continued violations of the California Labor Codes constitute a violation of the UCL.

32. **Typicality:** Plaintiffs' claims are typical of the claims of the members of the Rule 23 California Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and Rule 23 California Class Members to sustain the same or similar injuries and damages. Thus, the relief sought by Plaintiffs is representative of and typical of the relief sought on behalf of the proposed Rule 23 California Class.

33. **Adequacy of Representation:** Plaintiffs are members of the classes and do not have any conflicts of interest with other class members. Plaintiffs will prosecute the case vigorously on behalf of the Rule 23 California Class. Plaintiffs have retained counsel who are competent and experienced in litigating employment class actions. Plaintiffs and their counsel will fairly and adequately protect the interests of the Rule 23 California Class.

34. **Superiority of Class Action:** The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action device particularly efficient and the appropriate procedure to afford relief to Plaintiffs and members of

- 9 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

1    the Rule 23 California Class for the wrongs alleged herein.

2        35.    Public policy encourages the use of the class action device. By

3    establishing a technique whereby the claims of many individuals can be resolved at

4    the same time, the class suit both eliminates the possibility of repetitious litigation and

5    provides small claimants with a method of obtaining redress for claims which would

6    otherwise be too small to warrant individual litigation.

7        36.    This case involves large corporate Defendants and a large number of

8    Rule 23 California Class Members with many relatively small claims and common

9    issues of law and fact. If each individual member of the Rule 23 California Class was

10   required to file an individual lawsuit, Defendants would necessarily gain an advantage

11   because they would be able to exploit and overwhelm the limited resources of each

12   individual member of the Rule 23 California Class with their vastly superior financial

13   and legal resources. Requiring each individual member of the Rule 23 California Class

14   to pursue an individual remedy would also discourage the assertion of lawful claims

15   by the members of the classes who would be disinclined to pursue action against

16   Defendants because of an appreciable and justifiable fear of retaliation and permanent

17   damage to their lives, careers and well-being.

18       37.    Proof of a common policy and practice or factual pattern, of which the

19   members of the Rule 23 California Class experienced, is representative of the classes

20   herein and will establish the right of each member of the classes to recover on the

21   causes of action alleged herein.

22       38.    Absent class treatment, the prosecution of separate actions by individual

23   members of the Rule 23 California Class, even if possible, would likely create: (a) a

24   substantial risk of each individual presenting in separate, duplicative proceedings the

25   same or essentially similar arguments and evidence, including expert testimony; (b) a

26   multiplicity of trials conducted at enormous expense to both the judicial system and

27   the litigants; (c) inconsistent or varying verdicts or adjudications with respect to

28   individual members of the Rule 23 California Class against Defendants; (d) potentially

**CLASS ACTION AND COLLECTIVE COMPLAINT**

incompatible standards of conduct for Defendants; and (e) potentially incompatible legal determinations with respect to individual members of the Rule 23 California Class which would, as a practical matter, be dispositive of the interests of the other members of the classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Rule 23 California Class to protect their interests.

39.    **Manageability of the Rule 23 California Class and Common Proof:** The facts of this action and the laws available to Plaintiffs make use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiffs and members of the Rule 23 California Class for the wrongs alleged herein. Liability will turn on Defendants' own uniform and systematic practices of requiring ASMs to use the Panda software to ensure that the shifts are adequately staffed before the shifts begin because failure to adequately staff the shifts will result in inadequate staffing and the delay of package deliveries. By failing to record these hours worked, Amazon failed to pay ASMs a regular wage for each and every hour worked or a premium wage if they worked overtime hours. By failing to record these hours worked, Amazon also failed to provide ASMs a second 30-minnute meal period and a third 10-miute rest period. Proving these violations on a class-wide basis can be determined by Amazon's log-in and log-out records through Panda and the ASMs' time and pay records.

40.    Similarly, proving Amazon's liability to the associates will turn on log-in and log-out data to Amazon's A to Z App and the associates time and pay records. In addition, proving liability on Amazon's failure to provide duty-free, uninterrupted meal and rest periods will turn on Amazon's policy of having only one associate on schedule during the transitionary periods between the night shift and day shift, and vice versa.

41.    Amazon's liability to Rule 23 California Class Members for unreimbursed expenses will turn on Amazon's lack of policy to reimburse ASMs and

**CLASS ACTION AND COLLECTIVE COMPLAINT**

associates for using Panda and the A to Z App.

42.    The derivative claims (i.e., 226, 203 and UCL claims) will flow from Defendants' violations of the primary wage claims. T

43.    The policies, practices and procedures were and are uniformly applied to the entire Rule 23 California Class, which means individual issues will not predominate, and in fact, all issues are systematically linked, related and common, both in terms of facts and law. Therefore, the violations alleged are easily capable of being determined through manageable devices of common proof, such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and common practices/procedures of Amazon in treating each member of the Rule 23 California Class as a homogeneous group. Once the predominant issues are determined, then damages and penalties owed to members of the Rule 23 California Class will be capable of being shown by several means of common proof, and limited by individual showings of entitlement to recovery that can be professionally administered and tailored to the facts and circumstances of this case.

44.    Plaintiffs intend to send notice to all members of the Rule 23 California Class to the extent required by law and each will be given an opportunity to opt out of the proceedings.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

45.    Plaintiffs and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

46.    Plaintiffs brings this action pursuant to 29 U.S.C. § 216(b) on their own behalf and as representatives of similarly situated individuals who are current or former full-time ASMs and associates of Amazon.

47.    Amazon subjected all of its full-time ASMs and associates, including Plaintiffs, to its policy and practice of not paying them minimum wage or overtime for all time spent on Panda or the A to Z App in violation of 29 U.S.C. §§ 206 and

**CLASS ACTION AND COLLECTIVE COMPLAINT**

207.

48.     Amazon subjected all of its ASMs and associates, including Plaintiffs, to their policy of requiring Plaintiffs and the FLSA Collective Members to use their own internet and cellphones without reimbursing Plaintiffs and the Collective Members for same.

49.     Plaintiffs' claims stated in this Complaint are essentially the same as those of the FLSA Collective Members. This action is properly maintained as a collective action because in all pertinent aspects, the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

50.     The FLSA Collective Members perform or have performed the same or similar work as Plaintiffs.

51.     Amazon's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

52.     Although the exact amount of damages may vary among the FLSA Collective Members, the damages can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Amazon that caused harm to all of the FLSA Collective Members.

53.     As such, Plaintiffs brings her FLSA claim as a collective action on behalf of the following collective:

> All of Defendants' current and former full-time ASMs and associates who worked in the United States in one or more of Defendants' delivery stations at any time from three years preceding the filing of this Complaint to the present.

54.     Amazon's unlawful conduct, as described herein, is pursuant to Amazon's corporate policy or practice of minimizing labor costs by refusing and/or

**CLASS ACTION AND COLLECTIVE COMPLAINT**

failing to properly compensate its employees according to the FLSA.

55.    Amazon is aware or should have been aware that federal law prohibited it from not paying Plaintiffs and the FLSA Collective Members all minimum and overtime wages as detailed herein.

56.    Amazon's unlawful conduct has been widespread, repeated, and consistent.

57.    This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

58.    Upon information and belief, the individuals similarly situated to Plaintiffs includes thousands of ASMs and associates currently and/or formerly employed by Amazon. Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Amazon's possession, custody, or control, but it can be readily ascertained from its employment records.

59.    Notice can be provided to FLSA Collective Members by First Class Mail to the last address known to Amazon, via email at the last known email address known to Amazon, and by text message to the last known telephone number known to Amazon.

## VII.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF CALIFORNIA'S MINIMUM WAGE REQUIREMENTS

### (Cal. Lab. Code §§ 200, 218 and 1194)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the Rule 23 California Class Against all Defendants)

60.    Plaintiffs, on their own behalf, and on behalf of the Rule 23 California Class reallege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

61.    Plaintiffs seeks to represent the proposed Rule 23 California Class,

- 14 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

consisting of ASMs and associates, as a basis to enforce equal or greater protections for wages owed that are offered by various California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the Rule 23 California Class in a legally identical way, Plaintiffs, at the appropriate time, will move to certify the California Class to the extent permitted by Rule 23

62.    Under Labor Code § 1194, employees must be separately paid an hourly wage for each and every hour worked. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d 1001, 1007 (S.D. Cal. 2012). A California employer cannot average an employee's compensation over the total number of hours worked to determine compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 323-324 (2005) (employees must be compensated the minimum wage for "non-productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp.2d 1246, 1252-1253 (C.D. Cal. 2011) (employees must be paid a separate hourly rate for pre-and-post shift duties not covered by the piece-rate formula); *Balasanyan, supra,* 913 F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for "non-repair tasks"). "The *Armenta* line of cases is quite clear: employees must be directly compensated at least minimum wage for all time spent on activities that do not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007 (emphasis added). And more recently, the California Supreme Court held that commissions earned in one pay period cannot be reassigned to other pay periods to meet California's strict wage and hour requirements. *Peabody v. Time Warner Cable, Inc.*, 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

63.    Plaintiffs and the proposed Rule 23 California Class were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid an hourly wage for each and every hour worked.

64.    As set forth above, California law requires employers, such as

– 15 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

Defendants, to pay a separate hourly wage to all nonexempt employees for each and every hour worked. Labor Code § 1194 provides that employees are entitled to wages and compensation for work performed, at the legal rate, including straight time, overtime, and double time.

65.    Labor Codes §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

66.    At all relevant times herein, Defendants were required to compensate Plaintiffs and the members of the Rule 23 California Class for all hours worked pursuant to Labor Code § 1194.

67.    By uniformly and consistently failing to pay members of the Rule California Class for work performed on Panda and A to Z App, Defendants violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1194.

68.    Plaintiffs are informed and believe and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of minimum wages to Plaintiffs and the proposed Rule California Class, in an amount according to proof at trial.

69.    Plaintiffs are informed and believe that the nonpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

70.    Plaintiffs are informed and believes that the nonpayment of minimum wages for all hours worked also entitles Plaintiffs and the proposed Rule 23 California Class to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.

**COUNT TWO: VIOLATION OF CALIFORNIA'S OVERTIME LAWS**

**(Cal. Lab. Code §§ 510 and 1194)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the Rule**

- 16 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

**California Class Against all Defendants)**

71.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

72.    Plaintiffs seek to represent the proposed Rule 23 California Class as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the Rule California Class in a legally identical way, Plaintiffs, at the appropriate time will move to certify the California Class to the extent permitted by Rule 23.

73.    Plaintiffs and the proposed Rule California Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and the applicable Wage Order.

74.    During the California Class Period, Plaintiffs and members of the Rule California Class were engaged in non-exempt duties. Plaintiffs and members of the Rule California Class were neither managers, administrative, nor professional employees. No known exemptions to overtime apply to Plaintiffs or members of the Rule 23 California Class. Accordingly, Plaintiffs and members of the Rule 23 California Class were entitled to overtime during the California Class Period.

75.    California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. Labor Code § 204 establishes the fundamental right of all employees in California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

**CLASS ACTION AND COLLECTIVE COMPLAINT**

76.    Labor Code § 510(a) states: "Any work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

77.    Throughout the California Class Period, as alleged above, Plaintiffs and members of the Rule 23 California Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek. During the California Class Period, Defendants did not pay Plaintiffs and members of the Rule California Class overtime pay for all overtime hours worked.

78.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and members of the Rule 23 California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## COUNT THREE: VIOLATION OF CALIFORNIA'S MEAL-AND-REST PERIOD REQUIREMENTS

### (Cal. Lab. Code §§ 226.7, 512 and the Applicable Wage Order)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the Rule California Class)

79.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

80.    Labor Code § 226.7(b) provides, in pertinent part, that "[a]n employer shall not require an employee to work during a meal or rest or recovery period

- 18 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission …"

81.    Labor Code § 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

82.    Labor Code § 512(a) further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

83.    Section 11(A) of the applicable Wage Order provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. "The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

84.    Section 11(B) of the Wage Order provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

85.    Plaintiffs and the members of the Rule 23 California Class consistently worked over five hours, and ten hours, per shift and therefore were entitled to a first and second meal period of not less than 30 minutes prior to exceeding the fifth and tenth hour of work.

**CLASS ACTION AND COLLECTIVE COMPLAINT**

86.    Plaintiffs and members of the Rule 23 California Class did not waive their meal periods by mutual consent with Defendants or otherwise.

87.    Plaintiffs and members of the Rule 23 California Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

88.    Similarly, Plaintiffs and members of the proposed Rule California Class were entitled to be authorized and permitted paid, duty-free, uninterrupted 10 minute rest periods for every 4 hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

89.    As alleged above, Defendants failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable Wage Order. Defendants did not provide compliant meal periods and, as a result, Plaintiffs and members of the Rule 23 California Class missed their meal periods, took short meal periods, and/or took late meal periods. In addition, the meal periods that Plaintiffs and members of the Rule 23 California Class did take were not duty free and free from employer control. Defendants further did not authorize or permit duty-free, uninterrupted rest periods for every four hours worked, or major fraction thereof, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

90.    Pursuant to Section 11(B) and Section 12 of the applicable Wage Order and Labor Code §226.7(c)—which states "[i]f an employer fails to provide an employee a meal or rest … period in accordance with a state law …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest … period is not provided"—Plaintiffs and the members of the Rule 23 California Class are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

**CLASS ACTION AND COLLECTIVE COMPLAINT**

91.     Pursuant to Labor Code § 218.6 and Civil Code § 3287, Plaintiffs and the members of the Rule 23 California Class seek recovery of prejudgment interest on all amounts recovered herein.

92.     Plaintiffs limit the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay per day for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

## COUNT FOUR: FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED EXPENDITURES

### (Cal. Lab. Code § 2802)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the Rule 23 California Class)

93.     Plaintiffs hereby allege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

94.     Plaintiffs and members of the Rule 23 California Class have been employed by Defendants in the State of California. California law requires that Defendants indemnify their employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. *See* Cal. Lab. Code § 2802.

95.     Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiffs and members of the Rule 23 California Class necessary expenditures they incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiffs and similarly situated employees were required to supply their own highspeed internet service, internet equipment and cellphones to perform part of their duties.

**CLASS ACTION AND COLLECTIVE COMPLAINT**

96.     Moreover, Defendants did not employ policies and procedures which ensured Plaintiffs and the members of the Rule 23 California Class would receive indemnification for their employment-related expenses. This practice resulted in Plaintiffs and members of the Rule 23 California Class not receiving such indemnification in compliance with California law.

97.     Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiffs and the members of the Rule 23 California Class for monies to compensate them for the use of the employment-related expenses they incurred under Labor Code § 2802.

98.     As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiffs and members of the Rule 23 California Class have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiffs, on behalf of herself and on behalf of the Rule 23 California Class, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiffs and the members of the Rule 23 California Class pursuant to Labor Code § 2802.

99.     Pursuant to Labor Code § 2802, Plaintiffs and members of the Rule 23 California Class are entitled to recover full indemnification of unreimbursed business expenses, reasonable attorney's fees and costs of suit.

## COUNT FIVE: FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT

### (Cal. Lab. Code §§ 201-203)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the Rule 23 California Class)

100.    Plaintiffs hereby allege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

- 22 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

101.   At all times relevant to this Complaint, Plaintiffs and members of the Rule 23 California Class were employees of Defendants, covered by California Labor Code §§ 201-203.

102.   Pursuant to California Labor Code §§ 201-203, Plaintiffs and members of the Rule 23 California Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to separation. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

103.   Defendants failed to pay Plaintiffs and members of the Rule 23 California Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code §§ 201-203. Specifically, in direct violation of Labor Code §§ 201-203, despite that Plaintiffs' employment relationship with Defendants terminated, Defendants failed to timely pay Plaintiffs all their earned wages in their final paycheck. Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

104.   Defendants' failure to pay Plaintiffs and members of the Rule 23 California Class all wages earned prior to separation of employment timely in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§ 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours

- 23 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

worked, failing to pay premium wages for workdays Defendants did not provide, or timely provide, employees all meal periods and rest periods in compliance with California law, and failing to reimburse employment-related expenditures. When Defendants failed to pay its hourly non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

105.    Pursuant to either California Labor Code §§ 201 or 202, Plaintiffs and members of the Rule 23 California Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

106.    Pursuant to California Labor Code § 203, Plaintiffs and members of the Rule 23 California Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

107.    As a result of Defendants' conduct, Plaintiffs and members of the Rule 23 California Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

108.    As a result of Defendants' conduct, Plaintiffs and members of the Rule 23 California Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

109.    Plaintiffs and members of the Rule 23 California Class are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, and interest thereon.

## COUNT SIX: VIOLATION OF THE UCL
### (Cal. Bus. & Prof. Code § 17200, *et seq*.)
### (Brought by Plaintiffs on Behalf of Themselves and Members of the Rule 23 California Class)

110.    Plaintiffs hereby allege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

- 24 –
**CLASS ACTION AND COLLECTIVE COMPLAINT**

111.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime wages for all overtime hours worked in violation of §§ 510, 1194, and 1198; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (e) failing to reimburse all business expenses in violation of § 2802; and (f) failing to remunerate all employees for all wages due upon separation of employment in violation of §§ 201-203.

112.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

113.    Plaintiffs seek individually and on behalf of other members of the Rule 23 California Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

114.    Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein above thereby depriving Plaintiffs and other members of the Rule 23 California Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

**COUNT SEVEN: FAIR LABOR STANDARDS ACT**

**OFF-THE-CLOCK WORK**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the FLSA Collective Against all Defendants)**

**CLASS ACTION AND COLLECTIVE COMPLAINT**

115.   Plaintiffs and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

116.   Defendants have a consistent, enterprise-wide policy of requiring Plaintiffs and FLSA Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiffs and the FLSA Collective Members their regular rate of pay for all non-overtime hours worked, and one and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

117.   At all relevant times, Plaintiffs and the FLSA Collective Members have been subject to Defendants' policy of requiring Plaintiffs and FLSA Collective Members to spend time working before and after their shifts pre-planning in Panda or monitoring or interacting with the A to Z App.

118.   As a result, Plaintiffs and the Collective Members typically spend compensable time each shift that goes completely uncompensated. In all instances, Defendants' failure to compensate Plaintiffs and FLSA Collective Members for such time violates the minimum wage provisions of the FLSA, 29 U.S.C. § 206. In all instances wherein Plaintiffs and FLSA Collective Members work over 40 hours in a workweek, Defendants' failure to compensate Plaintiffs and FLSA Collective Members for such time violates the overtime provisions of the FLSA, 29 U.S.C. § 207.

119.   Although at this stage, Plaintiffs and the FLSA Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiffs and the FLSA Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

120.   Defendants knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiffs and the FLSA Collective Members during their employment would violate the FLSA, and Defendants knew the FLSA's

**CLASS ACTION AND COLLECTIVE COMPLAINT**

minimum wage and overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

121.    As a result of Defendants' failure or refusal to pay Plaintiffs and the FLSA Collective Members for all hours worked, and Defendants' failure or refusal to pay Plaintiffs and the FLSA Collective Members one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, Defendants violated 29 U.S.C. §§ 206 and 207(a). Plaintiffs and the FLSA Collective Members are therefore entitled to compensation of all unpaid minimum wages and one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT EIGHT: FAIR LABOR STANDARDS ACT
## IMPROPER KICKBACKS

### (Brought by Plaintiffs on Behalf of Themselves and Members of the FLSA Collective Against all Defendants)

122.    Plaintiffs and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

123.    The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 785.18. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id*.

124.    Defendants require Plaintiffs and the FLSA Collective Members to supply their own highspeed internet service, internet equipment and cellphones to perform parts of their job. However, Defendants fail to reimburse Plaintiffs and the

**CLASS ACTION AND COLLECTIVE COMPLAINT**

FLSA Collective Members for such required service and equipment. As such, Defendants have violated the overtime provisions of the FLSA.

125.   By requiring Plaintiffs to pay for the highspeed internet service and cellphones necessary to perform their job duties, Defendants required Plaintiffs to "kickback" the overtime premiums that were to be paid to them "free and clear" in violation of the FLSA.

126.   Although at this stage, Plaintiffs and the FLSA Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiffs and the FLSA Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

127.   Defendants knew, or acted with reckless disregard, that their refusal or failure to properly compensate Plaintiffs and the FLSA Collective Members during their employment would violate the FLSA, and Defendants knew the FLSA's overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

128.   As a result of Defendants' failure to reimburse Plaintiffs and the FLSA Collective Members for their internet service, internet equipment and replacement computer equipment, Defendants violated the minimum wage and overtime provisions of the FLSA. Plaintiffs and the Collective Members are therefore entitled to minimum wage and overtime compensation, to be proven at trial, plus an equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all other similarly situated persons, requests this Court grant the following relief in Plaintiffs', the Rule 23 California Class', and FLSA Collective Members', and against Defendants:

**CLASS ACTION AND COLLECTIVE COMPLAINT**

1.    For an order certifying the Rule 23 California Class and conditionally certifying the proposed FLSA Collective;

2.    For an order appointing Plaintiffs as the representatives of the Rule 23 California Class and FLSA Collective;

3.    For the Court to declare and find Defendants committed one or more of the following acts:

    a.  violated the minimum wage, overtime, meal-and-rest period, expense reimbursement, and timely wage payment requirements of California law; and

    b.  violated the minimum wage and overtime provisions of the FLSA;

    c.  willfully violated the minimum wage and overtime provisions of the FLSA.

4.    For the Court to award damages and/or restitution in the amounts of all unpaid minimum and overtime wages, premium wages, unreimbursed expenses, statutory and civil penalties, and waiting-time penalties due and owed to Plaintiffs, the Rule 23 California Class Members and FLSA Collective Members;

5.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and Cal. Lab. Code § 1194.2, in amounts to be determined at trial;

6.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

7.    For the Court to award all damages, interest, attorney's fees and costs owed to Plaintiffs and the Rule 23 California Class Members under California law including, but not limited to, California Labor Code §§ 218.5, 1194, 2802, and Code of Civil Procedure § 1021.5;

- 29 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

8.    For the Court to award Plaintiffs' and the FLSA Collective Members' reasonable attorneys' fees and costs of the action under 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

9.    For the Court to provide a reasonable incentive award for Plaintiffs to compensate them for the time they spent attempting to recover wages for the Rule 23 California Class Members and the FLSA Collective Members and for the risks they took in doing so; and

10.    Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a state and/or federal constitutional right to a jury trial.

Dated: January 22, 2024           **BELIGAN LAW GROUP, LLP**

                                  By: */s/ Jerusalem F. Beligan*
                                      Jerusalem F. Beligan
                                      Leah M. Beligan

Dated: January 22, 2024           **FRADIN LAW**

                                  By: */s/ Michael Fradin*
                                      Michael Fradin (*pro hac vice forthcoming*)

Dated: January 22, 2024           **SIMON LAW CO.**

                                  By: */s/ James Simon*
                                      James Simon (*pro hac vice forthcoming*)

                                  *Attorneys for Plaintiffs and the Putative Classes*

- 30 –

**CLASS ACTION AND COLLECTIVE COMPLAINT**

# EXHIBIT A

## <u>CONSENT TO JOIN FORM</u>

1. I was employed by Defendant Amazon.com Services LLC ("Defendant") as an Assistant Station Manager or similar position at some time during the relevant time period, and am a named plaintiff in this lawsuit.

2. I consent to the filing of this form in the public court record in this matter, and I consent to join and become a party plaintiff in this lawsuit to pursue my claims against Defendant for unpaid minimum and overtime wages pursuant to 29 U.S.C. § 216(b).

3. To the extent this matter remains a collective action, I consent to be bound by the Court's orders and decisions in this case.

4. By signing and returning this consent form, I designate the law firms and attorneys at Beligan Law Group LLP, Simon Law Co., and Fradin Law as my attorneys to represent me in this lawsuit.

5. I consent to having my counsel pursue this lawsuit in my name and to make decisions on my behalf concerning this litigation. I understand and agree to be bound by such decisions.

**Signed:** _____          **Dated:** Jan 22, 2024
                    Dallas Engler

**EXHIBIT A CONSENT TO JOIN FORM (DALLAS ENGLER)**

# EXHIBIT B

## **CONSENT TO JOIN FORM**

1. I was employed by Defendant Amazon.com Services LLC ("Defendant") as an associate or similar position at some time during the relevant time period, and am a named plaintiff in this lawsuit.

2. I consent to the filing of this form in the public court record in this matter, and I consent to join and become a party plaintiff in this lawsuit to pursue my claims against Defendant for unpaid minimum and overtime wages pursuant to 29 U.S.C. § 216(b).

3. To the extent this matter remains a collective action, I consent to be bound by the Court's orders and decisions in this case.

4. By signing and returning this consent form, I designate the law firms and attorneys at Beligan Law Group LLP, Simon Law Co., and Fradin Law as my attorneys to represent me in this lawsuit.

5. I consent to having my counsel pursue this lawsuit in my name and to make decisions on my behalf concerning this litigation. I understand and agree to be bound by such decisions.


**Signed:** _____
Lucky Agustin

**Dated:** Jan 22, 2024


**EXHIBIT B CONSENT TO JOIN FORM (LUCKY AGUSTIN)**